# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-94 PA (GJSx) | Date | April 22, 2016 |
|---|---|---|---|

| Title | Suzette Nogali v. Bank of America, N.A., et al. |
|---|---|

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Bank of America, N.A. ("Defendant") on January 6, 2016.  (Docket No. 1.)  Defendant asserts that this Court has subject matter jurisdiction over the action brought by plaintiff Suzette Nogali ("Plaintiff") pursuant to 28 U.S.C. § 1331.  Also before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Docket No. 19.)  Plaintiff filed an Opposition (Docket No. 20), to which Defendant filed a Reply (Docket No. 21).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 21, 2016 is vacated, and the matter taken off calendar.

Plaintiff opened checking and money market accounts with Defendant on August 2, 2013.  (FAC ¶ 13.)  She was issued a debit card later that month, and subsequently received several replacement cards.  (Id. ¶¶ 15-19.)  Plaintiff acknowledges that each of these cards was accompanied by a notice that her charges would be monitored for "out-of-pattern activity."  (Id. ¶ 20.)  Charges to Plaintiff's debit card were declined on 12 occasions between September 2013 and August 2015.  (Id. ¶¶ 25-75.)  Plaintiff claims that Defendant's stated reasons for blocking her card—"irregular" or "unusual" activity—have no basis in fact.  Plaintiff filed her original Complaint in Los Angeles County Superior Court on December 2, 2015.  This Complaint included claims for (1) negligence, (2) "negligence per se (violation of 15 U.S.C. § 1693h(a)(1))," (3) breach of contract, and (4) breach of the implied covenant of good faith and fair dealing.  Defendant removed the case on January 6, 2016.  Defendant claims that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the second claim "arises under and alleges violations of a federal act."  Defendant filed a Motion to Dismiss on January 13, 2016, which was mooted when Plaintiff filed her FAC on January 29, 2016.  The FAC includes the four claims listed above and adds a fifth claim for fraud.  Defendant now moves to dismiss the FAC.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-94 PA (GJSx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | Suzette Nogali v. Bank of America, N.A., et al. | | |

matter jurisdiction.  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  However, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Where all four of these requirements are met . . . , jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."  Gunn v. Minton, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14, 125 S. Ct. 2363, 2363, 162 L. Ed. 2d 257 (2005)).

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004).  Parties cannot agree to nor can they "waive" a lack of such jurisdiction.  Id. at 966–67.  Courts may consider the issue sua sponte.  Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction sua sponte.'"  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendant characterizes Plaintiff's "negligence per se" claim as "aris[ing] under and alleg[ing] violations of a federal act."  (Notice of Removal ¶ 6.)  However, as Plaintiff notes in her Opposition to Defendant's Motion to Dismiss, "Plaintiff is not asserting a claim under [15 U.S.C. § 1693, the Electronic Fund Transfers Act ("EFTA")]; rather, Plaintiff is asserting a state-law cause of action of negligence per se and using EFTA as the standard of care."  (Opposition at 8-9.)  Accordingly, the Court has subject matter jurisdiction based on Plaintiff's state law claim only if the elements identified in Grable are satisfied.

Three of the four Grable requirements are not satisfied.  First, Defendant's alleged violation of the EFTA is not "necessarily raised."  Plaintiff alleges both negligence and negligence per se, and only the latter is based on violation of the EFTA.  As Defendant concedes, "'negligence per se' is not a cause of action," but rather "an evidentiary doctrine that treats a statutory violation as evidence of negligence."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-94 PA (GJSx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | Suzette Nogali v. Bank of America, N.A., et al. | | |

(Motion at 4 n.2.)  "'When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" Goforth v. Nevada Power Co., 101 F. Supp. 3d 975, 978 (D. Nev. Mar. 31, 2015) (quoting Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir.1996)).  In Goforth, the court held that subject matter jurisdiction did not exist over a case involving allegations of "negligence per se, negligence/wrongful death, and negligence/gross negligence" because negligence could be established without reference to federal law.  Here, too, Plaintiff has articulated a negligence theory (the first cause of action) that does not depend on federal law.

Second, the federal question raised in this case is not substantial "to the federal system as a whole." Gunn, 133 S. Ct. at 1066.  Pure issues of law are more likely to satisfy the substantiality requirement than "fact-bound and situation specific" inquiries.  Goforth, 101 F. Supp. 3d at 979 (citing Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 700, 126 S. Ct. 2121, 2126, 165 L. Ed. 2d 131 (2006).  Here, Plaintiff's second cause of action requires a highly fact-specific determination of whether Defendant's blocking of Plaintiff's debit card based on purported unusual activity deviated from the parties' agreements and therefore violated the EFTA.

Finally, the Court's resolution of Plaintiff's second cause of action would disrupt the federal-state balance.  "[S]tate courts routinely apply federal law in state law consumer protection and negligence suits. . . .  Exercising federal question jurisdiction over state law claims that are predicated on federal standards . . . could 'herald[ ] a potentially enormous shift of traditionally state cases into federal courts.'" Dickman v. MultiCare Health System, No. C15–5193 BHS, 2015 WL 3477178, at *3 (W.D. Wash. June 2, 2015) (internal citations omitted).  Here, in particular, determination of the EFTA issue may turn largely on ordinary contract principles.  California courts are indisputably competent to resolve this matter.

Because three of the four Grable requirements are not satisfied, Plaintiff's second claim does not arise under federal law for purposes of 28 U.S.C. § 1331.  Therefore, this Court lacks subject matter jurisdiction.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. EC064674.  See 28 U.S.C. § 1447(c).  The Court does not reach Defendant's Motion to Dismiss.

IT IS SO ORDERED.